## GROSSMAN'S INC.

v.

## Frank TORTOLANI

v.

## Serafino GENUARIO.

### No. 96–657–Appeal.

Supreme Court of Rhode Island.

March 26, 1998.

Gerard M. DeCelles, Smithfield.

Gregory A. Madoian, Providence.

### ORDER

This case came before the court for oral argument March 10, 1998, pursuant to an order that had directed the appellant to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Serafino Genuario (Genuario) has appealed from a judgment entered in the Superior Court in favor of defendant and cross-claimant, Frank Tortolani (Tortolani). Two consolidated cases were filed by the plaintiff, Grossman's, Inc. against each of the

defendants. This appeal relates only to Tortolani's cross-claim against Genuario.

Genuario had retained Tortolani, a general contractor, to construct and remodel a photographic studio owned by Genuario in Warwick, Rhode Island. The trial justice found that the fair and reasonable cost of the work to be performed was $108,260 to be paid in installments. Work commenced August 1, 1991. After paying an installment of $40,000 on August 30, 1991, Genuario was unable to provide funds to complete the project. On November 15, 1991, Genuario terminated Tortolani's services.

Thereafter, plaintiff Grossman's, Inc. filed a petition to enforce a materialman's lien for the sum of $18,282.78 against Genuario for construction materials delivered to the site. Grossman's, Inc. also filed a complaint against Tortolani for the same amount and for the same material. Eventually Genuario paid the amount to Grossman's, Inc. together with interest in the total sum of $27,000.

The trial justice after a lengthy and detailed written decision containing numerous findings of fact entered judgment in favor of Tortolani in the sum of $40,480 (including interest) for the balance due on work performed and lost profits. Credit was given for Genuario's payment to Grossman's, Inc. so the net judgment to be enforced by execution was $13,480.08 after application of the credit of $27,000.

Our standard of review of the findings of fact by a trial justice hearing a case without the intervention of a jury is extremely deferential. We do not disturb such findings unless we are persuaded that they are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Cerilli v. Newport Offshore, Ltd.,* 612 A.2d 35, 39 (R.I. 1992). We have reviewed the extensive findings made by the trial justice as well as the record upon which those findings were based. We are not persuaded that he overlooked or misconceived relevant or material evidence nor that he was clearly wrong.

Consequently, the appeal of the defendant, Genuario is denied and dismissed and the judgment on the cross-claim is affirmed.